IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN W. MASSENGILL,

    **Plaintiff,**

    v.                                           CASE NO. 23-3025-JWL

PAUL SNYDER, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Ryan W. Massengill is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Although Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, his claims arose during his incarceration at the Winfield Correctional Facility in Winfield, Kansas ("WCF").

Plaintiff alleges that staff at the WCF read his legal mail in violation of his right to privacy. (Doc. 1, at 4.) Plaintiff alleges that he made a request to Activity Specialist Dora Trammell indicating that Plaintiff needed to weigh his legal mail. *Id*. at 7. Plaintiff alleges that the mail was regarding a child in need of care appeal. Trammell called Plaintiff to the shift office at WCF about one or two days later. Plaintiff arrived at Captain Gunter's office with Gunter and Trammell present. Trammell placed the scale on the side of the table and Plaintiff began to weigh his mail. Plaintiff had weighed two piles and was working on his third when Trammell began to pick up the mail and questioned Plaintiff about the mail. Trammell asked

1

who the plaintiff was on the mail and why their name was only initials. *Id*. Plaintiff told Trammell that she was not allowed to read his mail and that he did not have to disclose that information because it was confidential. *Id*. Plaintiff refused to give her his mail and turned to Captain Gunter. When Gunter agreed with Trammell, Plaintiff "said fine" and sat outside while they both gathered Plaintiff's mail for him. *Id*. at 8. Captain Gunter then gave Plaintiff his mail and Plaintiff left. Plaintiff alleges that they should not have assumed he was doing legal work for someone else, and he shouldn't have to tell anyone that it was his child's initials. *Id*. Plaintiff alleges that he does not know what else they read or their intentions. *Id*.

Plaintiff attaches his grievances, and the response to his grievance indicates that staff stated that they inspected the mail in Plaintiff's presence to determine if it was in fact Plaintiff's due to his history of completing and being in possession of other residents' legal work. *Id*. at 11. It states that Plaintiff was questioned when the envelope did not have the plaintiff filled out and only had initials. *Id*. The response states that per regulations, residents are not allowed to be in possession of other residents' legal material without permission from the Warden and staff are allowed to inspect legal mail to ensure that they are in possession of their own legal materials. *Id*. A grievance response also indicates that Trammell merely scanned the paperwork. *Id*. at 12.

Plaintiff names as defendants: Paul Snyder, WCF Warden; Trent Gunter, WCF Captain; and Dora Trammell, WCF Activity Specialist. For relief, Plaintiff seeks to have rules put in place to protect privacy rights to confidentiality in accessing the courts. *Id*. at 6.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised

claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the

3

plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. DISCUSSION

A prisoner does not surrender his constitutional rights at the prison gates, but "simply because prison inmates retain certain constitutional rights does not mean these rights are not subject to restrictions and limitations." *Bell v. Wolfish,* 441 U.S. 520, 545 (1979). "To accommodate both a prison's need for security and prisoners' rights, courts have approved prison policies that allow prison officials to open 'legal mail' and inspect it for contraband in the presence of the prisoner." *Reneau v. Mahoney*, 2014 WL 1224734, at *8 (D. Colo. March 25,

2014), *aff'd* 577 F. App'x 885 (10th Cir. 2014); *see Wolff v. McDonnell*, 418 U.S. 539, 577 (1974). In *Reneau*, the court determined that the mail placed in "outgoing legal mail" did not qualify as legal mail. *Id*. at *9. The court noted that the court in *Stockdale* addressed a case in which the plaintiff falsely labeled his outgoing non-legal mail as legal mail, reasoning that:

> although plaintiff falsely labeled the outgoing envelope as legal, the envelope did not contain legal materials. The constitutional protection for legal mail only extends to genuine legal mail, as an inmate has no constitutional right to prevent prison officials from opening or inspecting nonlegal mail. Plaintiff cannot change the status of his nonlegal mail into legal mail subject to constitutional protection by placing a false designation on the outside of the envelope.

*Id*. at *9 (quoting *Stockdale v. Dwyer,* No. 06–cv–25 CAS, 2007 WL 2994316, at *8 (E.D. Mo. Oct. 11, 2007)); *see also Cotner v. Knight*, 61 F.3d 915, at *7 (10th Cir. 1995) (plaintiff's letters to attorneys soliciting representation for his legal problems did not qualify as privileged legal mail).

In this case, staff were attempting to determine whether or not Plaintiff's mail qualified as legal mail. The mail contained Plaintiff's minor child's initials and therefore did not appear to be Plaintiff's legal mail. The grievance responses indicated that Plaintiff has a history of completing and being in possession of other residents' legal work, and the mail was merely scanned to verify it was in fact Plaintiff's legal mail.

The Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation." *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)); *see also Bingham v. Taylor*, 2022 WL 457880, at *3 (D. N.M. Feb. 15, 2022) (finding plaintiff failed to state a claim

regarding legal mail and stating that "[an inmate] must include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests.") (citing *Khan v. Barela*, 808 F. App'x 602, 607 (10th Cir. Mar. 26, 2020) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1187–88 (10th Cir. 2010)).

Plaintiff has not alleged improper motive or interference with access to the courts or counsel. Plaintiff has also failed to allege sufficient facts to show that Defendants' actions were not reasonably related to legitimate penological interests. Plaintiff should show good cause why his Complaint should not be dismissed for failure to state a claim.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this case without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **March 17, 2023,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

Dated February 17, 2023, in Kansas City, Kansas.

> **S/ John W. Lungstrum**
> JOHN W. LUNGSTRUM
> UNITED STATES DISTRICT JUDGE