IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RYAN W. MASSENGILL,

 **Plaintiff,**

v.                 CASE NO. 23-3025-JWL

PAUL SNYDER, et al.,

 **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed in forma pauperis. Although Plaintiff is currently incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas, his claims arose during his incarceration at the Winfield Correctional Facility in Winfield, Kansas ("WCF"). On February 17, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 4) ("MOSC"), granting Plaintiff until March 17, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff has failed to respond by the Court's deadline.

Plaintiff alleges that staff at the WCF read his legal mail in violation of his right to privacy. (Doc. 1, at 4.) This happened on one occasion and involved mail regarding a child in need of care appeal. Plaintiff was weighing the mail in the shift office when staff noticed that the paperwork contained initials to designate the plaintiff's name.

A prisoner does not surrender his constitutional rights at the prison gates, but "simply because prison inmates retain certain constitutional rights does not mean these rights are not subject to restrictions and limitations." *Bell v. Wolfish,* 441 U.S. 520, 545 (1979). "To accommodate both a prison's need for security and prisoners' rights, courts have approved prison

policies that allow prison officials to open 'legal mail' and inspect it for contraband in the presence of the prisoner." *Reneau v. Mahoney*, 2014 WL 1224734, at *8 (D. Colo. March 25, 2014), *aff'd* 577 F. App'x 885 (10th Cir. 2014); *see Wolff v. McDonnell*, 418 U.S. 539, 577 (1974).

The Tenth Circuit has held that where prison officials opened one piece of constitutionally protected mail by accident, "[s]uch an isolated incident, without any evidence of improper motive or resulting interference with [the inmate's] right . . . of access to the courts, does not give rise to a constitutional violation." *Florence v. Booker*, 23 F. App'x 970, 972 (10th Cir. 2001) (citing *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)); *see also Bingham v. Taylor*, 2022 WL 457880, at *3 (D. N.M. Feb. 15, 2022) (finding plaintiff failed to state a claim regarding legal mail and stating that "[an inmate] must include sufficient facts to indicate the plausibility that the actions of which he complains were *not* reasonably related to legitimate penological interests.") (citing *Khan v. Barela*, 808 F. App'x 602, 607 (10th Cir. Mar. 26, 2020) (quoting *Gee v. Pacheco*, 627 F.3d 1178, 1187–88 (10th Cir. 2010)).

The Court found in the MOSC that in this case, staff were attempting to determine whether or not Plaintiff's mail qualified as legal mail. The mail contained Plaintiff's minor child's initials and therefore did not appear to be Plaintiff's legal mail. The grievance responses indicated that Plaintiff has a history of completing and being in possession of other residents' legal work, and the mail was merely scanned to verify it was in fact Plaintiff's legal mail.

The Court found that Plaintiff failed to allege improper motive or interference with access to the courts or counsel. Plaintiff also failed to allege sufficient facts to show that Defendants' actions were not reasonably related to legitimate penological interests.

The MOSC provides that "[f]ailure to respond by the deadline may result in dismissal of

this case without further notice for failure to state a claim." (Doc. 4, at 6.) Plaintiff has failed to respond by the Court's deadline and has failed to show good cause why this case should not be dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that the matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated March 24, 2023, in Kansas City, Kansas.**

<u>S/ John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**